**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CARLOS PICAZO, ID # 02062413,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-3378-S-BH** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

### I.  BACKGROUND

Carlos Picazo (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder.  The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

On April 15, 2016, Petitioner pleaded guilty to murder in Cause No. F12-63396 in Criminal District Court No. 4 of Dallas County, Texas, and was sentenced to 12 years' imprisonment.  (*See* doc. 1 at 2-3)[1]; *see* www.dallascounty.org (search for petitioner).  He did not appeal.  (*See* doc. 1 at 3); *see* www.txcourts.gov (search for petitioner).  He filed a state habeas application that was signed on July 25, 2016, and received in the state district court on August 5, 2016.  It was denied

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

on October 5, 2016. *See Ex parte Picazo*, WR-85,660-01 (Tex. Crim. App. Oct. 5, 2016).

Petitioner's federal habeas petition, signed on November 30, 2018, and received on December 11, 2018, claims that (1) in another case or cases, a firearms analyst who was also involved in Petitioner's case misidentified a firearm as having fired bullets recovered from a victim, (2) that forensic evidence was used to convict him, and (3) it was a constitutional violation if the prosecution was aware of the misidentified forensic evidence. (*See* doc. 1 at 6.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

### A.    Calculation of One-Year Period

The one-year period is calculated from the latest of either:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due
diligence.

*See id.* § 2244(d)(1)(A)-(D).

Petitioner's claims appear to be based on findings of the Texas Forensic Commission
(Commission). (*See* doc. 1 at 9.) He raised the same claims in his state habeas application. It is not
clear when the Commission made its findings. At the very latest, the facts underlying his claims
were discovered by the time he signed his state habeas application on July 25, 2016. He therefore
had until July 25, 2017, to file his federal habeas petition for his claims, absent any tolling of the
statute of limitations.

**B.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent judgment or claim is pending
*shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2)
(emphasis added).

Petitioner's first state habeas application was signed and deemed filed on July 25, 2016, and
it was denied on October 5, 2016. The limitations period was tolled for 73 days while the habeas
applications were pending, making his federal petition due no later than October 6, 2017.
Petitioner's § 2254 petition was filed on November 30, 2018.[2]  A literal application of §
2244(d)(1)(A) renders the § 2254 petition untimely.

**C.      Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings
when they place them in the prison mail system).

exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. His federal petition was filed over one year after the limitations period expired and over two years after his state habeas application was denied. He has not shown that he has pursued his rights diligently, and he has failed to meet his burden to show that he is

entitled to equitable tolling of the federal statute of limitations.

**D.    Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386).  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.  *McQuiggin*, 569 U.S. at 399-400.  "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  *Floyd*, 894 F.3d at 155.  "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met."  *Id*. at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031 at *3 (N.D. Tex. March 7, 2014) (citing cases).  Even if *McQuiggin* applies, Petitioner does not allege that he is actually innocent, and his claims do not present evidence of actual innocence.  Although Petitioner contends that the firearms

analyst involved in his case mismatched firearms to bullets in other cases, he has not shown that there was such a mismatch in his case, and he has not shown that he is actually innocent. *See Prince v. Thaler*, 354 F. App'x 846, 848 (5th Cir. 2009) (evidence that the State's scientific testing was flawed, by itself, is not evidence of actual innocence sufficient to toll the limitations period).

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 30th day of January, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE