IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS PICAZO, ID # 02062413,<br>　　　　Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>　　　　Respondent. | No. 3:18-CV-3378-S-BH<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Objection to Finding, Conclusions, and Recommendation of Magistrate*, received on February 28, 2019 (doc. 15). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

### I. BACKGROUND

Carlos Picazo (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254 that was received on December 11, 2018. (*See* doc. 2.) On January 30, 2019, it was recommended that the petition be denied as barred by the statute of limitations. (*See* doc. 12.) The recommendation was accepted, the petition was denied, and judgment was entered on February 21, 2019. (*See* docs. 13, 14.) Petitioner's objection, signed on February 22, 2019, and received on February 28, 2019, argues that the untimeliness of his petition should be excused, and that the time that it took the forensics commission to make findings should be considered. (*See* doc. 15 at 1-2.)

### II. FED. R. CIV. P. 59(e)

Because Petitioner's filing was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal

Rules of Civil Procedure. *See Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Petitioner does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. Moreover, his argument lacks merit. As noted in the recommendation, his claims appeared to be based on findings of the Texas Forensic Commission (Commission), and he raised them in his state habeas application. Although it was not clear when the Commission made its findings, Petitioner was aware of the findings when he filed his state habeas application. That date was used as the beginning of the one-year limitations period, and his

§ 2254 petition was untimely based on that date. (*See* doc. 12 at 3.) Petitioner has not shown that he is entitled to relief under Rule 59(e).

### III  RECOMMENDATION

Petitioner's filing should be construed as a motion under Fed. R. Civ. P. 59(e) and **DENIED**.

**SIGNED on this 5th day of March, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE